UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| TERRENCE TERRELL BRYAN, ) | Civil Action No.: 4:08-cv-1590-TLW-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| SOUTH CAROLINA DEPARTMENT ) | |
| OF CORRECTIONS, WARDEN ) | |
| CARTLEDGE, and RESPONSIBLE ) | |
| OFFICIALS, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**I.     INTRODUCTION**

Petitioner, Terrence Terrell Bryan, (Petitioner/Bryan) is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing pro se, filed his Petition for a writ of habeas corpus[1] on April 15, 2008. He then filed a Motion for Summary Judgment (Document # 12) on May 16, 2008. Respondent filed a Motion for Summary Judgment (Document # 26) on July 23, 2008, along with a Return and supporting Memorandum. The undersigned issued an order that same day, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. On September 8, 2008, Petitioner filed a Response (Document # 37) in opposition to the Motion for Summary Judgment. Respondents also filed a Motion for Sanctions (Document # 30).

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

**II.    GROUNDS FOR RELIEF**

Petitioner essentially makes two claims as the grounds for his Petition. First, he claims that the Warden has failed to sign off on his disciplinary hearing convictions in violation of SCDC policy, thus making the convictions and sanctions void. He asks the Court to have all his convictions overturned and the sanctions lifted.

Second, Plaintiff challenges SCDC's categorization of visitation as a privilege rather than a right. He asks the Court to issue an Order directing the Department to change their policy with regard to visitation.

**III.   STANDARD OF REVIEW**

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case

makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV.   DISCUSSION

### A.   Petitioner's and Respondents' Cross Motions for Summary Judgment

#### 1.   Failure to Exhaust Administrative Remedies

Defendants argue that Plaintiff has failed to exhaust his administrative remedies. The Prison Litigation Reform Act (PLRA) requires that a prisoner exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Accordingly, before plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the SCDC grievance process. The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though

plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001)(exhaustion required even though plaintiff claimed he was afraid); see also Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006).

A District Court cannot hear a prisoner's challenge of a disciplinary conviction and sentence until state remedies have been fully exhausted. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); Matthews v. Evatt, 105 F.3d 907, 910-911 (4th Cir.1997) ("To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court.")

In order to fully exhaust state court remedies, a habeas petitioner must first utilize his prison administrative remedies, as outlined above. However, in addition to filing Step 1 and Step 2 grievances, the prisoner must also file an appeal with the Administrative Law Court (ALC) in compliance with S.C.Code Annotated § 1-23-610, known as the Administrative Procedures Act (APA), and Al- Shabazz v. S.C., 338 S.C. 354, 527 S.E.2d 742, 750 (S.C.2000) (inmate may seek review of Department's final decision in an administrative matter under the APA). If the ALC denies a prisoner's appeal, he must further appeal that decision. Since the SCDC is a single director agency subject to S.C.Code Ann. § 1-23-610(B), appeals of SCDC final decisions go to the ALC. ALC

appeals are then heard by a state's higher court.[2] Once the appeal to the higher court has concluded, the prisoner may file a petition in the District Court for the District of South Carolina.

In his Petition, Petitioner asserts that he is "appealing" Grievance Number LeeCI-1536-05 and all charges that followed whether they "were or were not grieved." Petition at 1. In Grievance Number LeeCI-1536-05, Petitioner complains that Officer Abrams retaliated against him for catching her in a lie and beating a former charge by falsely charging him with sexual misconduct. See Exs. 3,4 to Respondents' Return and Memorandum. Because the actions referenced in the Grievance resulted in a disciplinary charge, the claim was automatically forwarded to the Step 2 level and was denied. Id. It appears that Petitioner filed a Notice of Appeal of Grievance Number LeeCI-1536-05 with the South Carolina Administrative Law Court on March 18, 2008. See Ex. N to Petitioner's Reply Brief (Document # 38). Petitioner has provided no evidence regarding the disposition of his appeal in the Administrative Law Court or that he has appealed any decision from the ALC to the South Carolina Supreme Court. There is no evidence that the appeal has concluded, and, thus, Petitioner has failed to exhaust his administrative remedies on this grievance.

Following Grievance Number LeeCI-1536-05 until the time Petitioner filed the present Petition, Petitioner filed 271 grievances. See Ex. 2 to Respondents' Return and Memorandum. Exhibit 2 submitted by Respondents lists all of the grievances Petitioner has filed, including the date, the grievance number, the subject matter, the grievance level, and the disposition. This Exhibit reveals that some grievances were appealed to the Central Office, but many were not. There is no evidence in the record that any of these grievances were appealed to the ALC. It also appears that numerous

---

[2]Based on an amendment of S.C.Code Ann. § 9-21-70 (as amended by Act No. 387 of 2006, effective July 1, 2006), a claimant's appeal of a final ALC decision must go to the Court of Appeals pursuant to S.C.Code Section 1-23-380 and the South Carolina Appellate Court Rules.

grievances were unprocessed. Petitioner argues that Respondents should be estopped from arguing failure to exhaust as a ground for dismissal of this case because they prevented him from exhausting his remedies by failing to process his grievances. Respondents assert that grievances are unprocessed for a number of reasons, including if the inmate files more than one grievance on a single incident, attempts to grieve and issue that is non-grievable, or abandons the grievance. The fact that a grievance was unprocessed, without more, is insufficient to show that Respondents prevented Petitioner from exhausting his administrative remedies. Because Petitioner has failed to present evidence that he has exhausted his administrative remedies on these claims, it is recommended that Petitioner's Motion for Summary Judgment be denied and Respondents' Motion for Summary Judgment be granted.

    2.       Disciplinary Hearings

In the alternative, it is recommended that summary judgment be granted because Petitioner has failed to allege any constitutional violation with regards to his disciplinary hearings. Plaintiff asserts that, per SCDC policy, following a disciplinary hearing, the Disciplinary Hearing Officer (DHO) should prepare a report and recommendation for the Warden and the Warden should then make the final decision of guilt and the type of sanction to be issued.

In <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563-66 (1974), the United States Supreme Court addressed the due process rights of federal prisoners during disciplinary proceedings. The Supreme Court enumerated the following five procedural safeguards which are required in a prison disciplinary proceeding: (1) the right to appear before an impartial decision-making body; (2) written notice of the charges 24 hours in advance of the disciplinary hearing; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative if charged inmate is illiterate or if

complex issues are involved; and (5) a written decision by the fact-finder as to the evidence relied upon and the rationale behind the disciplinary tribunal's conclusion.

Petitioner does not allege that he has been denied any of these due process rights, nor does he present evidence of any due process violation. Instead, Petitioner complains that the convictions and sentences issued following the disciplinary hearings did not conform to SCDC policy because the Warden did not "sign-off" on them. A claim that SCDC has failed to comply with its own policy does not rise to the level of a constitutional violation. Petitioner has failed to raise any constitutional violation with respect to his disciplinary hearings. Therefore, it is recommended that Petitioner's Motion for Summary Judgment be denied and Respondents' Motion for Summary Judgment be granted.

### 3. Visitation Policy

Petitioner asserts that he has a liberty interest in visitation and takes issue with SCDC policy, which characterizes visitation as a privilege. "[N]either convicted prisoners nor their family members have an inherent constitutional right to visitation" because "[a]n inability to receive visitors is not atypical and unusually harsh compared to the ordinary circumstances contemplated by a prison sentence." Africa v. Vaughn, 1996 WL 65445 at *1 (E.D.Pa.1996) (collecting cases). See also Sandin v. Conner, 515 U.S. 472, 483, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); Ozolina v. Durant, 1996 WL 82481 at *1 (E.D.Pa.1996) (under Sandin, "there is no right to visitation protected by the Due Process Clause"); cf. Byrd v. Pittman, 1995 WL 434453 (D.D.C., July 1995) (no constitutional right to visitation at Lorton Reformatory [District of Columbia's Prison] because denial of visitation does not concern a protected liberty interest, and revocation of visitation will not affect duration of plaintiff's sentence); and Mayo v. Lane, 867 F.2d 374, 375 (7th Cir.1989) ("Prison necessarily disrupts the normal pattern of familial association, so lawful imprisonment can hardly be thought a deprivation of

the right of relatives to associate with the imprisoned criminal."); White v. Keller, 438 F.Supp. 110, 114-115 (D.Md.1977) (there is no absolute right to prison visitation). Petitioner's claim that visitation is a constitutionally protected right rather than a privilege fails. Thus, it is recommended that Petitioner's Motion for Summary Judgment be denied and Respondents' Motion for Summary Judgment be granted.

### B.    Respondents' Motion for Sanctions

Respondents move for sanctions pursuant to Rule 11, Fed.R.Civ.P. Respondents assert that since Petitioner began his service of concurrent thirty (30) year and ten (10) year sentences for Voluntary Manslaughter and Assault and Battery of a High and Aggravated Nature on December 2, 1998, he has filed at least 25 different lawsuits in this court, at least 22 lawsuits in state court in Richland County alone, more than 380 institutional grievances, and at least 25 appeals to the ALC. Respondents assert that the claims presented by Petitioner in each of these actions and grievances have been mostly, if not completely, baseless, and have been made to harass SCDC's directors and staff. Respondents assert that the present case, like so many of the previous cases, is completely without merit.

This Court has the authority to order a prefiling injunction or other appropriate sanctions against vexatious litigants. Cromer v. Kraft Foods North America, Inc., 390 F.3d 812,817(4th Cir.2004). See also Thomas v. Fulton, No. 07-1713, 2008 WL 64651 (4th Cir. Jan. 7, 2008) (a prefiling injunction must be narrowly tailored to fit the circumstances of the case); Safir v. United States Lines, Inc., 792 F.2d 19, 23-25 (2nd Cir.1986) (five factors for court to consider before imposing order of prefiling review); Flint v. Haynes, 651 F.2d 970, 974 (4th Cir.1981) ( "joined other courts in approving prefiling review of complaints brought by prisoners with a history of litigiousness"); Graham v. Riddle, 554 F.2d 133, 135 (4th Cir.1977). The sanctions which the Court

may consider include, but are not limited to: (1) denial of proceeding without prepayment of the filing fee, (2) the imposition of a filing injunction order placing restrictions on the types of cases Plaintiff may file and the manner in which they must be submitted, (3) monetary sanctions that will have to be satisfied before any further filings may be made, (4) dismissal of any action, (5) entry of an order of contempt of court, and (6) any and all other forms of sanctions available to the Court under Rule 11 of the Federal Rules of Civil Procedure.

The undersigned does not recommend sanctions at this time. Rather, Petitioner should be warned that such sanctions are possible for "overly litigious, malicious, and/or vexatious individuals," see Riches v. McKnight, 2008 WL 2261293 at *4 (D.S.C. April 28, 2008), and that continued filing of frivolous cases could result in such sanctions. It is recommended that Respondents' Motion for Sanctions (Document # 30) be denied.

## V.     CONCLUSION

In light of the above analysis, it is recommended that Petitioner's Motion for Summary Judgment (Document # 12) be denied, Respondents' Motion for Summary Judgment (Document # 25) be granted and Respondents' Motion for Sanctions (Document # 30) be denied.[3]

                          Respectfully submitted,

                          s/Thomas E. Rogers, III
                          Thomas E. Rogers, III
                          United States Magistrate Judge

February 6, 2009
Florence, South Carolina
**The parties' attention is directed to the important information in the attached notice.**

---

[3] Also pending are Petitioner's Motion to Produce and/or for Injunction (Document # 23) and Petitioner's Motion to Appoint Counsel (Document # 42). In the Motion to Produce, Petitioner essentially seeks copies of several opinions he asserts are not available in the law library. Respondents have provided Petitioner with the cases and, thus, the Motion (Document # 23) is **MOOT**. Petitioner's Motion to Appoint Counsel (Document # 42) is **DENIED** because no exceptional circumstances exist that would warrant appointment of counsel. See Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).